# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2938

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Arron M. Lewis, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 12, 2008
Filed: March 26, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Arron M. Lewis appeals from an 18 month prison sentence imposed by the district court[1] after the second revocation of his supervised release. He alleges that this sentence exceeds the legally permissible limit when aggregated with the 2 year term imposed after his first revocation and that he should have been notified at sentencing about the potential consequences of violating supervised release. We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Lewis originally entered into supervised release after pleading guilty to one count of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, a class C felony. He was sentenced in March 2004 to time served and 3 years supervised release. The next month Lewis was found by the district court to have violated several terms of his supervised release. His supervised release was revoked, and he was sentenced to 2 years in prison to be followed by 1 year of supervised release. Lewis did not appeal the revocation or the resulting sentence.[2] After he had completed the 2 year sentence for his revocation and was again on supervised release, Lewis was arrested in February 2007 for aggravated flight from a police officer. The district court held another revocation hearing in August 2007 and found that Lewis had violated the terms of his supervised release. The district court again revoked his supervised release and sentenced him to 18 months in prison and 18 months of supervised release. On appeal Lewis argues that the 18 month prison sentence resulting from his revocation was illegal under 18 U.S.C. § 3583(e)(3).

The legality of a revocation sentence is reviewed de novo. See United States v. Walker, 513 F.3d 891, 893 (8th Cir. 2008). The parameters within which a district court may impose and revoke a period of supervised release and the sentencing options after revocation are set out in 18 U.S.C. § 3583. Subsection (e)(3) of that statute limits the amount of time a defendant may be sentenced to serve after supervised release has been revoked and states that a defendant "may not be required to serve *on any such revocation*. . .more than 2 years in prison if [the original] offense is a class C or D felony. . ." (emphasis added). Lewis argues that this 2 year maximum for a revocation sentence applies to the sum of his new revocation sentence and "all the prison time served under any prior revocation sentence(s)," United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999). Since the prison sentence on his first

---

[2]Lewis did apply for postconviction relief pursuant to 28 U.S.C. § 2255, but his motion was denied and he did not appeal.

revocation was 2 years, he argues that the 18 months imposed after his second revocation was illegal since the 2 year limit under § 3583(e)(3) was already reached.

The district court recognized that § 3583(e)(3) formerly required the aggregation of any prison sentences imposed for revocations of supervised release linked to a crime committed before April 30, 2003. See, e.g., id.; United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005); United States v. Tapia-Escalera, 356 F.3d 181, 187 (1st Cir. 2004) (citing cases from other circuits). This changed when the PROTECT Act went into effect on April 30, 2003, for that act amended § 3583(e)(3) to add the phrase "on any such revocation" to the two year maximum revocation sentence provided for class C felonies. Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650. In a thorough discussion of the issue, the district court concluded that this amendment abolished the requirement that revocation prison terms be aggregated for purposes of § 3583(e)(3), and that the law "now dictates that the maximum term of imprisonment that can be imposed for 'any such revocation' is the amount specified in [(e)(3) for each class of felony], without reference to imprisonment imposed for other revocations." United States v. Lewis, 504 F. Supp. 2d 708, 712 (W.D. Mo. 2007). The court also quoted commentary from other circuits which have reached the same conclusion. See Williams, 425 F.3d at 989 ("statutory caps [post PROTECT Act] explicitly apply to each revocation of supervised release"); Tapia-Escalera, 356 F.3d at 185-86, 188 (PROTECT Act amendments support position that statutory cap "applies afresh" to each revocation sentence).

At oral argument Lewis referred for the first time to the heading of § 101 of the PROTECT Act, which is entitled "Supervised Release Term for Sex Offenders." That section includes the amendment to § 3583(e)(3), and Lewis now argues that the heading shows that Congress intended to limit its provisions to sex offenders. This argument was not raised in the district court nor in his appeal brief and is therefore waived. See Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 2008 WL

375200 *6 (8th Cir. 2008). Even if the issue were properly before us, however, section titles of an act cannot alter the statute's plain meaning and will be looked to only when the statutory language has an ambiguous word or phrase. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 212 (1998); see also Minn. Transp. Regulation Bd. v. United States, 966 F.2d 335, 339 (8th Cir. 1992). Section 3583(e)(3) was in effect in October 2003 when Lewis committed the class C felony which produced his first period of supervised release, and its plain language permitted imposition of a prison sentence of up to 2 years for his second revocation, without the need to consider or aggregate the prison term for his first revocation. Accordingly, the district court did not err by imposing an 18 month prison term on the second revocation of his supervised release.

Lewis also argues that prior to entering his guilty plea, he was notified only that a violation of the conditions of supervised release conditions could result in revocation and imprisonment for up to 2 years. He claims that the district court violated Fed. R. Crim. P. 11 by failing to notify him that he could be sentenced to additional supervised release terms or that violations of the conditions of any subsequent term could result in imprisonment. We conclude that the notice given by the district court was sufficient because his subsequent revocation sentences were collateral consequences of his original sentence rather than predictable eventualities about which the court was required to caution him. See George v. Black, 732 F.2d 108, 110 (8th Cir. 1984) (defendant need only be informed of direct consequences of guilty plea, described as having a "'definite, immediate and largely automatic effect on the range of the defendant's punishment'"), quoting Cuthrell v. Dir., Patuxent Inst., 475 F.2d 1364, 1366 (4th Cir. 1973). Any error by the district court would be harmless in any event, for Lewis does not argue that he would not have pled guilty had he been

-4-

notified of these collateral consequences and confirmed at oral argument that he has not sought to withdraw his guilty plea. See United States v. Prado, 204 F.3d 843, 846 (8th Cir. 2000).

For these reasons we affirm the judgment of the district court.

_____