**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHANNON KEITH HUNT,

Defendant-Appellant.

No. 11-6135

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 5:11-CR-00070-R-1)**

---

Submitted on the Briefs:[*]

Donald A. Herring, Donald A. Herring, P.C., Oklahoma City, Oklahoma, for
Appellant.

Sanford C. Coats, United States Attorney, Suzanne Mitchell, and André B.
Caldwell, Assistant United States Attorneys, Office of the United States Attorney
for the Western District of Oklahoma, Oklahoma City, Oklahoma, for Appellee.

---

Before **BRISCOE**, Chief Judge, **BALDOCK**, and **TYMKOVICH**, Circuit
Judges.

---

[*]    Pursuant to the order of November 29, 2011, this panel determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

**TYMKOVICH**, Circuit Judge.

---

Shannon Keith Hunt was sentenced to 18 months' imprisonment for violating the conditions of his supervised release. On appeal, he argues the district court failed to apply 18 U.S.C. § 3583(e)(3) to give him credit for prison time served on two prior sentences for revocation of his supervised release. Taken together, Hunt claims these sentences exceed the maximum amount of supervised release authorized for his original offense, which federal law prohibits.

We disagree and hold the district court was not required to credit Hunt for his previous terms of revocation imprisonment. The court was only required to consider Hunt's previous revocation imprisonment when setting a new term of supervised release.

Having jurisdiction under 28 U.S.C. § 1291, we therefore AFFIRM the district court's sentence.

# I. Background

After serving a 41-month sentence on firearm charges, Hunt began serving a 3-year term of supervised release. Only 6 months into his term, Hunt failed to comply with the drug-testing condition of his supervised release. The district court revoked supervised release and sentenced him to a year and a day in prison, followed by two years minus a day of supervised release.

Upon release from prison, Hunt again violated a condition of release. The court revoked supervised release and sentenced him to a year and a day in prison, followed by two years minus a day of supervised release.

Once again, after serving this sentence, Hunt failed to comply with the terms of release, this time violating certain drug testing requirements. Instead of more prison time, the district court ordered him into an outpatient drug-treatment program but did not revoke supervised release. One month later, Hunt tested positive for cocaine use and violated various other release conditions. The district court then ordered Hunt into an inpatient drug treatment facility for 90 days.

Before he could complete his inpatient treatment program, Hunt was discharged for violent behavior towards other patients and staff. Because of Hunt's failure to complete treatment, the district court revoked Hunt's supervised release for the third and final time. The court sentenced him to 18 months in prison with no additional supervised release. This appeal followed.

## II. Discussion

Hunt does not challenge the district court's revocation of his supervised release. He instead challenges the district court's authority under 18 U.S.C. § 3583(e)(3) to impose a prison term of 18 months, arguing that the time he spent in prison as a result of previous revocations should be included in the maximum

amount of time he is required to serve.  This is a question of statutory interpretation, which we review de novo.  *United States v. Hammonds*, 370 F.3d 1032, 1034 (10th Cir. 2004).[1]

Hunt contends that § 3583 requires a sentencing court to credit prison time served for revocation up to a maximum of 18 months for his category of supervised release.  Because this reading fails to follow the plain language of the statute, we conclude that prison time served for prior revocations should not be considered when calculating a sentence for a subsequent revocation of supervised release.

Pursuant to § 3583, a court can revoke a term of supervised release and require the defendant to serve the balance of the term in prison.  A court may:

> revoke a term of supervised release, and require the defendant to serve in prison *all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release* without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . .

18 U.S.C. § 3583(e)(3) (emphasis added).

But there is an important exception:

---

[1]  The government argues that the de novo standard applies to Hunt's appeal, even though he did not raise his claim before the district court.  Although this would normally limit our review to the strict plain-error standard, we do not need to assess whether Hunt properly raised his claim before the district court because even under the more lenient de novo standard, we hold there was no error.  *United States v. Cooper*, 654 F.3d 1104, 1118 (10th Cir. 2011).

> [A] defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . . .

*Id.*

Hunt points to the italicized portion of § 3583(e)(3). His sole claim is that this language prohibits a court from imposing a prison term for revocation of supervised release that is longer than the term of supervised release authorized by 18 U.S.C. § 3583(b), which sets a maximum supervised release period of 3 years for Class C felonies.[2] He argues this requirement applies in aggregate to all revocation sentences a defendant receives, so that if a defendant violates his supervised release multiple times, the sum of all prison terms imposed for such violations cannot be greater than the maximum supervised release allowed by § 3583(b)—*i.e.*, three years. Because Hunt has already served prison terms totaling two year-and-a-day revocation sentences, he claims that the maximum term of imprisonment the court was authorized to impose was three years minus two years and two days, or 363 days.

Although we have yet to consider this interpretation of § 3583(e)(3), we recently rejected a similar argument in *United States v. Hernandez*, 655 F.3d 1193 (10th Cir. 2011). In that case, we held that § 3583(e)(3) does not require courts

---

[2] This includes Hunt's conviction under 18 U.S.C. § 922(g)(1). *See* 18 U.S.C. §§ 924(a)(2) & 3559(a)(3).

to credit a defendant for time previously served on revocation of supervised release when imposing a new revocation sentence. The analysis in *Hernandez* focused on the portion of § 3583(e)(3) that limits the total prison time that can be served: "a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than . . . 2 years in prison if such offense is a class C or D felony." *Id*. at 1195 (emphasis added). Prior to 2003, we had interpreted this language as requiring courts to credit a defendant's prior revocation sentences when imposing a new one. *United States v. Swenson*, 289 F.3d 676, 677 (10th Cir. 2002). Most other courts agreed. *See United States v. Tapia-Escalera*, 356 F.3d 181, 187 n.7 (1st Cir. 2004) (collecting cases).

But in 2003, Congress amended § 3583(e)(3) to add the phrase "on any such revocation." PROTECT Act, Pub. L. No. 108-21, § 101(7), 117 Stat. 650, 651 (2003). In *Hernandez*, we adopted the view—shared by every other circuit to address the issue—that the 2003 amendment modified the earlier interpretation of § 3583(e)(3) and eliminated the aggregation requirement. 655 F.3d at 1196 (collecting cases). Hunt contends that *Hernandez* left open the possibility, however, that the language in § 3583(e)(3) preceding this provision might still require aggregation of prior revocation sentences. *Id.* This is the question Hunt now asks us to resolve.

A recent decision by the Fifth Circuit addressed this precise question and illustrates the infirmity of Hunt's interpretation. In *United States v. Hampton*, the

defendant claimed § 3583(e)(3) imposes an aggregate limit on all revocation prison sentences by limiting such sentences to "all or part of the term of supervised release authorized by statute. . .," and argued total revocation imprisonment cannot exceed this amount, whether imposed in one sentence or many.  633 F.3d 334, 337–38 (5th Cir.), *cert. denied*, 131 S. Ct. 3042 (2011). Holding that § 3583(e)(3) contains no aggregation requirement, *Hampton* first noted that § 3583(e)(3) was not ambiguous at all; it does not explicitly require a sentencing court to credit a defendant for previous revocation prison sentences. *Id*. at 338.  Rather, the only reference to prior time served is an admonition *not to credit time* previously served on post-release supervision.  *Id.* at 338–39.

Second, *Hampton* rejected the argument that this interpretation made the language "term of supervised release authorized by statute" superfluous.  *Id.* at 339.  The appellant had argued that because the sentence limits in § 3583(e)(3)'s exception clause are lower than the terms of supervised release authorized by § 3583(b), the "term of supervised release authorized by statute" language was meaningless if it did not require aggregation.  *Id*.  *Hampton* held that this phrase was not meaningless because it expanded the sentencing court's authority, allowing the court to impose a revocation sentence up to the statutory maximum even when the actual sentence of supervised release is shorter.  *Id.*

Third, *Hampton* found that the inclusion of language requiring aggregation of revocation sentences in § 3583(h)[3] implied that the exclusion of this language from § 3583(e)(3) was deliberate. *Id.* at 340 (citing *Quarles v. St. Clair*, 711 F.2d 691, 701 n.31 (5th Cir. 1983)). Finally, the court examined the history of § 3583(e)(3), finding that courts only required aggregation as a result of Congress's amendments to the statute in 1994. *Id.* at 341; Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110505(2)(B), 108 Stat. 1796, 2016–17 (1994). These interpretations were based on language that did not limit the revocation court's focus on the violation before it, implying an aggregation requirement. *Hampton*, 633 F.3d at 341. But when Congress again amended § 3583(e)(3) in 2003, it overrode this construction of the statute. *Id.*; *accord Hernandez*, 655 F.3d at 1196.

We agree with the Fifth Circuit's reasoning in *Hampton* and adopt it here. The plain language of § 3583(e)(3) does not require courts to aggregate prior revocation imprisonment sentences when calculating a new sentence for a

---

[3] This subsection applies to the imposition of new terms of supervised release following revocation. The relevant portion reads:

> The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."

18 U.S.C. § 3583(h).

violation of supervised release conditions. To the extent the statute speaks at all to the issue of credit for prior time served, it expressly prohibits courts from crediting a defendant for time previously served on post-release supervision. Like the Fifth Circuit, we are persuaded that the inclusion of an explicit aggregation requirement in § 3583(h) is further evidence Congress did not intend § 3583(e)(3), which has no such language, to require aggregation. When Congress uses different language in different parts of the same statute, this court assumes Congress intended the different parts to have different meanings. *United States v. Martinez*, 518 F.3d 763, 766–77 (10th Cir. 2008) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 n.9 (2004)).

In addition, reading an aggregation requirement into § 3583(e)(3) is not needed to limit a district court's ability to sentence defendants for violating their supervised release conditions because § 3583 already contains such limits. Under § 3583(h), courts must credit defendants for prior revocation sentences when imposing *new* periods of *supervised release*. This provision and the per-sentence limits on revocation imprisonment established by § 3583(e)(3)'s exception clause together limit the amount of supervised release and revocation imprisonment a defendant can be subjected to in the event the defendant repeatedly violates the conditions of his release. *See Hernandez*, 655 F.3d at 1198; *Hampton*, 633 F.3d at 339. "Because the defendant will no longer be eligible for supervised release, she cannot be at risk for 'an endless cycle of consecutive terms of imprisonment

and supervised release based on a single underlying offense." *Hampton*, 633 F.3d at 339.

We also are not convinced by Hunt's argument that § 3583(e)(3)'s prohibition on crediting defendants for time served on supervised release implies that they should be credited for prison time served on revocation simply because the statute does not explicitly prohibit the latter. Hunt's argument ignores Congress's 2003 amendment of § 3583(e)(3). PROTECT Act § 101(7). As we noted previously, every circuit that has addressed the effect of this amendment has interpreted it as eliminating the aggregation requirement. *Hernandez*, 655 F.3d at 1196. Had Congress intended the first half of § 3583(e)(3) to require aggregation, it would not have amended the second half of the statute to preclude such an interpretation. As the Fifth Circuit stated in *Hampton*, we will not "read the PROTECT Act as [explicitly] prohibiting aggregation of revocation imprisonment in one part of § 3583(e)(3) and implicitly requiring it in another." 633 F.3d at 341.

Because we hold that § 3583(e)(3) does not require courts to reduce a defendant's sentence for violating the terms of a supervised release, we conclude that Hunt's sentence of 18 months' imprisonment for violating the terms of his supervised release was proper. Hunt committed a class C felony, and § 3583(e)(3) authorizes the district court to impose a sentence of up to two years in prison for violating the conditions of supervised release for a class C felony.

Thus, the 18-month term he received was authorized by statute.

## III. Conclusion

We AFFIRM the judgment of the district court revoking Hunt's supervised release and sentencing him to 18 months' imprisonment.