# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 16, 2012          Decided June 21, 2013

No. 11-3017

UNITED STATES OF AMERICA,
APPELLEE

v.

EMMETT SPENCER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00046-1)

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee* and *Mary Manning Petras*, Assistant Federal Public Defenders, entered appearances.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III*, *Elizabeth H. Danello*, and *Jean W. Sexton*, Assistant U.S. Attorneys. *Elizabeth Trosman*, Assistant U.S. Attorney, entered an appearance.

Before: GRIFFITH and KAVANAUGH, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Emmett Spencer appeals his sentence of 24 months imprisonment imposed after the second revocation of his supervised release. He contends that pursuant to the statute providing for supervised release after imprisonment, 18 U.S.C. § 3583, the district court was required to aggregate his terms of imprisonment following revocation of supervised release, thus limiting imprisonment after his second revocation of supervised release to 10 months or, in the alternative, 22 months. We disagree, and affirm the decision of the district court.

**Background**

In 2006 appellant Emmett Spencer pled guilty to unlawful possession of a firearm and ammunition by a convicted felon, a class C felony. He was sentenced to 37 months imprisonment and 3 years of supervised release. After being released from prison and while serving on supervised release, Spencer violated the terms of his supervised release. Consequently, his supervised release was revoked, and he was sentenced to 14 months imprisonment and 22 months of supervised release. After being released from this second imprisonment and while on supervised release, Spencer again violated the terms and supervised release was revoked. He was sentenced to 24 months imprisonment with no supervised release to follow. Spencer now appeals his 24 month prison sentence.

**Discussion**

On each occasion, Spencer's supervised release was revoked pursuant to 18 U.S.C. § 3583(e)(3). Since 2003 the relevant part of § 3583(e)(3) has read as follows:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3). Spencer argues that under § 3583(e)(3) his revocation sentences should be "aggregated," i.e., all post-revocation prison terms should be cumulative, and the total should not exceed a statutory maximum. He asserts two possible maxima. First, Spencer points to what he refers to as the "except" clause at the end of § 3583(e)(3), which states "except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony." As he did in the district court, Spencer argues that his maximum post-revocation aggregate prison time for his class C felony is the stated two years. As he already served 14 months after his first revocation, Spencer contends that the district court was limited to sentencing him to 10 months on his second revocation.

Alternatively, Spencer points to what he refers to as the "all or part" clause at the beginning of § 3583(e)(3), which states that upon revocation the defendant will be required "to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." Since under 18 U.S.C. § 3583(b) "the term of supervised release authorized by statute for" a class C felony is not more than three years, Spencer argues that his post-revocation maximum aggregate prison time is three years. Because he served 14 months in prison after his first supervised

release revocation, Spencer argues that after his second supervised release revocation the court was limited to sentencing him to 22 months in prison.

To more fully understand Spencer's arguments, we will give a brief review of § 3583(e)(3). Prior to 1994, § 3583(e)(3) read, in pertinent part, that a court may

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . except that a person whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if the offense was a Class C or D felony.

18 U.S.C. § 3583(e)(3) (Supp. V 1993). Under this version of § 3583(e)(3), "the revoking court could not impose a revocation sentence that exceeded the supervised release sentence imposed by the original sentencing court." *United States v. Hampton*, 633 F.3d 334, 341 (5th Cir. 2011). In 1994 the statute was amended, to read in pertinent part that a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release . . .* except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if such offense is a Class C or D felony.

Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322 § 110505(2)(B), 108 Stat. 1796, 2016-17 (1994) (amendment italicized). One result of the added language was that sentencing courts were now authorized "to impose a term of

revocation imprisonment without being limited by the amount of supervised release the original sentencing court imposed." *Hampton*, 633 F.3d at 341. The amendments instead extended imprisonment upon revocation up to the terms authorized by § 3583(b), i.e., those terms "authorized by statute for the offense that resulted in such term of supervised release." *Id.*

Another result of the 1994 amendment was that courts began to interpret the new language "as requiring courts to credit a defendant's prior revocation sentences when imposing a new one." *United States v. Hunt*, 673 F.3d 1289, 1291-92 (10th Cir. 2012). Further, many courts held that the felony class revocation limits at the end of § 3583(e)(3) were cumulative limits that applied to all prison terms imposed for violations of supervised release in the same case. *See United States v. Tapia-Escalera*, 356 F.3d 181, 187 n.7 (1st Cir. 2004) (collecting cases); *United States v. Swenson*, 289 F.3d 676, 677 (10th Cir. 2002) (same); *United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001) (same). In Spencer's terminology, then, courts were now considering the "except" clause limits as aggregate limits upon supervised release revocation. So, *if* Spencer had been sentenced for revocation of his second supervised release during this time period, then the aggregate limit for his class C felony pursuant to § 3583(e)(3) would have been two years, and since he had already served 14 months after his first revocation, the most imprisonment he could receive after his second revocation would have been 10 months.

In 2003, § 3583(e)(3) was again amended, this time to read, in pertinent part, that a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . .

except that a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation . . .* more than 2 years in prison if such offense is a class C or D felony.

Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today ("PROTECT") Act, Pub L. 108-21, § 101, 117 Stat. 650, 651 (Apr. 30, 2003) (amendment italicized).  As discussed more fully below, pursuant to this amendment courts no longer consider the class limits at the end of § 3583(e)(3) to be aggregate limits on imprisonment for multiple revocations of supervised release.  Instead, now that a defendant "may not be required to serve *on any such revocation . . .* more than" a certain number of years based on the class of felony originally committed, courts have held that the limit applies to each revocation, but no aggregate limit.

## A.

Spencer's first argument is that pursuant to the felony class imprisonment term limits at the end of § 3583(e)(3), the aggregate limit for his two supervised release revocations is 2 years, and since he was sentenced to 14 months after his first revocation, the court was limited to sentencing him to 10 months after his second revocation.  Spencer acknowledges that the weight of authority is against him.  He rightly admits that all circuits that have considered the question "have concluded that, when Congress amended § 3583(e)(3) to add the phrase 'on any such revocation' to that provision," hold that Congress "intended to preclude the aggregation of more than one term of imprisonment following supervised release, in calculating the maximum allowable term under the 'except' clause." Appellant's Br. at pp. 6–7.  Appellant's concession is well taken. *See, e.g.*, *United States v. Hernandez*, 655 F.3d 1193, 1195 (10th Cir. 2011); *United States v. Epstein*, 620 F.3d 76, 80 (2d Cir.

2010); *United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir. 2009); *United States v. Lewis*, 519 F.3d 822, 825 (8th Cir. 2008).

Spencer argues that the unanimous weight of authority is wrong. He contends that the 2003 amendment is inapplicable to cases like his own. He bases this argument on the fact that the amendment was enacted as part of the PROTECT Act. Because the full title of that Act is "Prosecutorial Remedies and Other Tools to end the *Exploitation of Children* Today" (emphasis added), and because of its legislative history, the obvious purpose of the Act was to prosecute, deter, and punish sex offenders. Therefore, Spencer argues, because his original violation was a firearms charge and not a sex offense, the amendment does not apply so that the imprisonment term of two years for his class C original felony should still be interpreted as an aggregate limit unaffected by the 2003 amendment.

Spencer's argument ignores what one of our colleagues has referred to as "the wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text. For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase." *Tataranowicz v. Sullivan*, 959 F.2d 268, 282 (D.C. Cir. 1992) (Buckley, J., dissenting on other grounds) (citing *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528–29 (1947)); *see also NRDC v. EPA*, 915 F.2d 1314, 1321 (9th Cir. 1990). The wisdom of the rule is evident here. Nowhere in the language Congress actually enacted is there any indication that Congress intended language concerning sentencing to be limited to the category of crimes that attracted its original attention. Had Congress meant to so limit the effect of its amendment, it could have said so.

We reject Spencer's limitation on the effect of the amendment and instead agree with the government's contention

that with the addition of the phrase "on any such revocation" in 2003, Congress eliminated any aggregation requirement. As the government argues, we must give effect to § 3583(e)(3)'s plain meaning without considering the PROTECT Act's purpose, title, or legislative history. Because § 3583(e)(3) is unambiguous the "judicial inquiry is complete." *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal quotation marks omitted).

The PROTECT Act's addition of the phrase "on any such revocation" is not limited to only those convicted of sex offenses. Several of our sister circuits agree, interpreting the phrase "on any such revocation" in § 3583(e)(3) as a per-revocation cap on imprisonment; in none of the cases were the defendants originally sentenced for sex offenses. *See Epstein*, 620 F.3d at 80 (defendant originally sentenced for firearms violations); *Knight*, 580 F.3d at 937–38 (same); *Lewis*, 519 F.3d at 825 (defendant originally sentenced for interstate transportation of a stolen vehicle); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005) (defendant originally sentenced for bank robbery); *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004) (defendant originally sentenced for illegal drug possession). We conclude that the 2003 amendment to § 3583(e)(3), adding the phrase "on any such revocation," results in the felony class imprisonment terms at the end of § 3583(e)(3) being per-revocation limits, and not aggregate limits.

**B.**

Spencer next argues that even if we reject his interpretation of the "except clause," we should nonetheless hold that the district court should have aggregated his two supervised release revocation terms under what he refers to as the "all or part" clause at the beginning of § 3583(e)(3). Upon revocation of

supervised release, that clause provides for "requir[ing] the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . ." Since the maximum term of supervised release authorized by § 3583(b) for a class C felony is 3 years, Spencer claims that as he served 14 months after his first revocation, the district court was limited to sentencing him to 22 months upon his second revocation. This is a case of first impression in this circuit, although several of our sister circuits have addressed this exact question. For example, the question before the Fifth Circuit in *Hampton* was to "determine whether the phrase 'term of supervised release authorized by statute' at the beginning of § 3583(e)(3) caps the aggregate amount of revocation imprisonment at the amount of supervised release authorized by § 3583(b)." 633 F.3d at 338. Likewise, the question before the Tenth Circuit in *Hunt* was whether "the district court failed to apply 18 U.S.C. § 3583(e)(3) to give [Hunt] credit for prison time served on two prior sentences for revocation of his supervised release." 673 F.3d at 1290.

As an initial matter, the government and Spencer argue for different standards of review of this second argument by Spencer. The government contends that in the district court Spencer never argued for a 22 month sentence and therefore his claim is subject to review only for plain error. Spencer, in reply, states that plain error review is not appropriate because his counsel objected to his aggregate imprisonment of 38 months, i.e., beyond the 36 month term of supervised release authorized by § 3583(b). We need not resolve this dispute, however, because we conclude that there was no error, let alone clear error, on the part of the district court.

Spencer cites *United States v. Williams*, 675 F.3d 275, 280 (3rd Cir. 2012), for the proposition that the "all or part" clause is "independent" of the "except" clause. He claims that prior to

the PROTECT Act, nothing suggests that Congress did not intend to authorize aggregation under both clauses. So although the "except" clause may no longer call for aggregation pursuant to the PROTECT Act, Spencer argues, the "all or part"clause has always provided for, and still provides for, aggregation. Additionally, Spencer argues that consistent with common practice under parole statutes and regulations, there is a reasonable expectation of a defendant that the total time spent in prison as a result of violating supervised release will not exceed the maximum authorized term of release, in his case 36 months. He asserts that any incarceration time longer that the maximum 3 years pursuant to § 3583(b) is counterintuitive and overly punitive, and that it also violates fair notice. Furthermore, according to Spencer, there is no clear indication that Congress intended a defendant to serve more cumulative time in prison than specified by the maximum terms of supervised release, and that in fact the legislative history of the PROTECT Act supports a contrary conclusion, i.e., that the legislative history shows that Congress intended to reduce the maximum by any previously served revocation.

We do not agree that the phrase at the beginning of § 3583(e)(3) "requir[ing] the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" limits Spencer's aggregate prison terms after revocation of supervised release to 3 years. Spencer draws our attention to three recent cases of our sister circuits that address this same issue. *See Hampton, Hunt, Williams*. As Spencer himself admits, none of these cases support his claims. In *Hampton*, the court "conclude[d] that the language at the beginning of § 3583(e)(3) allowing the district court to 'revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release'

*does not require that court to credit the defendant for prior terms of revocation imprisonment*." 633 F.3d at 338 (emphasis added).

In *Hunt*, the court, "follow[ing] the plain language of [§ 3583(e)(3)], . . . conclude[d] that prison time served for prior revocations should not be considered when calculating a sentence for a subsequent revocation of supervised release." 673 F.3d at 1291. And in *Williams*, the court concluded that "Congress did not intend to set an aggregate cap on successive revocation imprisonment in subsection (e)(3) when it added language that authorized courts to impose a term of revocation imprisonment that exceeded the supervised release term originally imposed." 675 F.3d at 281. As with his first argument, Spencer contends that we should decline to follow the other circuits. He argues that the cases were decided wrongly, based in part on an incorrect analysis of the legislative history.

We reject Spencer's contention that the other circuits erred. This case is controlled by the plain language of § 3583(e)(3) as amended in 2003. That version of § 3583(e)(3) is unambiguous, and since it is unambiguous, we must give effect to its plain meaning. *Germain*, 503 U.S. at 254. No examination of the legislative history is required.

Section 3583(e)(3) must be read as a unitary whole, considering the "language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *See United States v. Barnes*, 295 F.3d 1354, 1359 (D.C. Cir. 2002) (internal quotation marks omitted). As noted above, Spencer, relying on *Williams*, argues that the "all or part" clause is "independent" of the "except" clause and that therefore although aggregation is not required by the PROTECT Act under the "except" clause, it is still required under the "all or part" clause. It is true that the Third Circuit in *Williams*, as well

12

as the Tenth Circuit in *Hunt* and the Fifth Circuit in *Hampton*, noted that the two clauses were independent.  It is further true that the *Hampton* court stated that the 1994 amendments to the "all or part" clause authorized courts to "impose a term of revocation imprisonment without being limited by the amount of supervised release the original sentencing court imposed," 633 F.3d at 341.[1]  At the same time, the Fifth Circuit described the 2003 amendment to § 3583(e)(3) as "operat[ing] as a per-revocation limit on revocation imprisonment."  *Id.* (noting that the appellant conceded this operation of the amending language).

That all said, however, *Williams* does not stand for Spencer's proposition that although aggregation is not allowed under the "except" clause, it can nevertheless be the case under the "all or part" clause because those two clauses are "independent."  Like the Fifth Circuit in *Hampton*, "we decline to read the PROTECT Act as prohibiting aggregation of revocation imprisonment in one part of § 3583(e)(3) and implicitly requiring it in another."  633 F.3d at 341.  As the Tenth Circuit stated in *Hunt*, "[h]ad Congress intended the first half of  § 3583(e)(3) to require aggregation, it would not have amended the second half of the statute to preclude such an interpretation."  673 F.3d at 1293.

We conclude that the 2003 amendment to § 3583(e)(3), which added the words "on any such revocation" to the so-called "except" clause, modifies the rest of § 3583(e)(3)'s text.  Our

---

[1]The Fifth Circuit in *Hampton* further opined, "Read properly, the phrase 'on any such revocation' language already modifies the phrase 'term of supervised release authorized by statute'—it provides the exception to the court's ability to sentence the defendant to the full term of supervised release authorized by § 3583(b)." *United States v. Hampton*, 633 F.3d 334, 340 n.2 (5th Cir. 2011).

conclusion is in harmony with the Fifth Circuit's decision in *Hampton*, which stated that the "the phrase 'on any such revocation' . . . modifies the phrase "term of supervised release authorized by statute." 633 F.3d 340 n.2. We hold that upon each revocation of supervised release, a defendant may be sentenced to the felony class imprisonment limits at the end of § 3583(e)(3), without regard to prison time previously served for revocation of supervised release in the same case.

## Conclusion

For the reasons stated above, we affirm the district court's sentence of 24 months imprisonment for Spencer after his second revocation of supervised release.