**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4351**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RAY SHAWN DANIELS,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00243-FDW-1)

Submitted: April 24, 2017                    Decided: May 12, 2017

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Shawn Daniels appeals his sentence of 21 months' imprisonment imposed upon his third revocation of supervised release. On appeal, Daniels argues that his sentence exceeds the statutory maximum allowed for a revocation of supervised release, given the 22 months he served on his prior revocations. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation and internal quotation marks omitted). Arguments raised for the first time on appeal are reviewed for plain error. *Id.* Questions of statutory interpretation are reviewed de novo. *United States v. Under Seal*, 709 F.3d 257, 261 (4th Cir. 2013).

A district court may revoke a term of supervised release and impose a term of imprisonment after "find[ing] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). "[A] defendant whose term is revoked . . . may not be required to serve on any such revocation more than . . . 2 years in prison if such offense is a class C or D felony." *Id.* Daniels' underlying offense was a class C felony.

Under a prior version of this statute, we "assume[d] without deciding[] that § 3583(e)(3)'s maximum prison term limits the total prison time that may be imposed for multiple violations of supervised release." *United States v. Hager*, 288 F.3d 136, 137 (4th Cir. 2002). However, § 3583 was amended in 2003 by the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT

2

Act"), Pub. L. No. 108-21, 117 Stat. 650 (2003). The Act added the phrase "on any such revocation" to § 3583(e)(3). Every Circuit to address the amended version of § 3583(e)(3) has concluded that "prior time served for violations of supervised release is not credited towards and so does not limit the statutory maximum that a court may impose for subsequent violations of supervised release." *United States v. Perry*, 743 F.3d 238, 242 (7th Cir. 2014) (collecting cases).

Although Daniels acknowledges the authority against the aggregate approach, he nonetheless asserts that the aggregate approach applies to him because the PROTECT Act was aimed at punishing offenses against children rather than offenses against property or adults. Thus, he claims that the "on any such revocation" language should not apply to him. As many of our sister Circuits have held, we conclude that the language of § 3583(e)(3) is unambiguous in imposing a per-revocation cap. *See United States v. Spencer*, 720 F.3d 363, 367 (D.C. Cir. 2013). Accordingly, we reject Daniels' argument, as the language of the statute makes resort to legislative history unnecessary. *See United States v. Hatcher*, 560 F.3d 222, 226 (4th Cir. 2009).

Alternatively, Daniels contends that his aggregate term of imprisonment upon all revocations of supervised release can be, at most, three years' imprisonment, the maximum term of supervised release authorized under § 3583(b)(2). However, he provides no legal authority to support this premise, which has been rejected by a number of other courts. *See United States v. Hunt*, 673 F.3d 1289, 1291-93 (10th Cir. 2012). We are unpersuaded by Daniels' argument.

3

Accordingly, we affirm Daniels' 21-month revocation sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*