FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL DENZELL ROBINSON,

    Defendant - Appellant.

No. 18-6013
(D.C. No. 5:14-CR-00020-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

In 2014 Defendant Paul Denzell Robinson pleaded guilty to being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was twice granted

supervised release in 2016, but each time he violated the conditions of his release and

was sent back to prison—for five months and then 11 months. In October 2017 he began

his third and final term of supervised release. Within two months, Defendant had

violated the conditions of his release yet again. His violations included failing to submit

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. _See_
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

urine samples, submitting diluted samples, submitting samples testing positive for methamphetamine and marijuana, lying to his probation officer about the use of drugs, and failing to keep his location monitor adequately charged. Defendant did not dispute that he had committed these violations.

The district court revoked Defendant's supervised release and sentenced him to the statutory maximum of 24 months in prison. *See* 18 U.S.C. § 3583(e)(3) (setting two-year maximum for violating conditions of supervised release on sentence for Class C felony); *id.* § 3559(a)(3) (defining Class C felony as one with maximum term of imprisonment of at least 10 but less than 25 years); *id.* § 924(a)(2) (setting maximum term for violating § 922(g) as 10 years). This was more than the 5-to-11-month range recommended by the United States Sentencing Guidelines Manual, *see* USSG § 7B1.4, and the 15-month sentence recommended by the probation office and the government. Defendant timely appealed.

Defendant did not identify any issues in his notice of appeal. But as part of his motion for leave to proceed *in forma pauperis*, he listed three issues that he wished to raise: (1) counsel was ineffective in failing to prevent a sentence that exceeded the guidelines recommendation; (2) the court did not give appropriate weight to the guidelines; and (3) the sentence was excessive because it was "more than what [he] would have received under [the] original charge." R., Vol. 1 at 106.

Defendant's counsel has filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may

2

"so advise the court and request permission to withdraw." *Id.* at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

Defendant was advised of his counsel's position by both defense counsel and the clerk of this court, and the clerk gave him 30 days to respond and then granted an unrequested extension. But Defendant has submitted nothing.

We have conducted our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, and we agree with counsel that there are no nonfrivolous issues for appeal. The first issue that Defendant identified for appeal was ineffective assistance of counsel. But ineffective-assistance claims "should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Indeed, "when brought on direct appeal, ineffective assistance of counsel claims are presumptively dismissible, and virtually all will be dismissed." *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (internal quotation marks omitted). We see no reason to depart from this general rule.

Second, Defendant stated that the district court erred by giving "no weight" to the Sentencing Guidelines. R., Vol. 1 at 106. Perhaps Defendant was referring to the requirement that the district court consider the policy statements in Chapter 7 of the Sentencing Guidelines Manual, as well as factors set forth in 18 U.S.C. § 3553(a). *See*

3

*United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). But although the court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c); *see United States v. Lee*, 957 F.2d 770, 774–75 (10th Cir. 1992), it does not need to recite its assessment of each individual § 3553(a) factor, *see Cordova*, 461 F.3d at 1189. Rather, the court's reasoning need only show us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court made clear that it had considered the § 3553(a) factors and the advisory range from Chapter 7's policy statements, and it provided a reasoned basis for imposing the 24-month sentence. It explained, for instance, that Defendant's frequent violations and use of methamphetamines showed that he was a threat to himself and to society, thereby addressing the nature of the offense, the history of the defendant, and the need to protect the public, *see* § 3553(a)(1), (a)(2)(C). And Defendant's recidivism after imprisonment for lesser periods after revocation (5 and 11 months) fully justifies imposing the 24-month period. Given Defendant's numerous violations and the district court's explanation for the sentence, we conclude that this sentence was both procedurally and substantively reasonable.

Finally, the *Anders* brief speculates that Defendant may have wished to argue that his multiple revocation sentences cannot sum to more than the three-year maximum period of supervised release for a Class C felony or to more than the two-year maximum sentence for violating the terms of supervised release for a Class C felony. *See* 18 U.S.C.

§ 3583(b)(2), (e)(3).  But those arguments are foreclosed by the statutory language enacted in 2003.  *See United States v. Hunt*, 673 F.3d 1289, 1291–93 (10th Cir. 2012).

We see no nonfrivolous ground for Defendant to appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge