# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3252

_____

United States of America

*Plaintiff - Appellee*

v.

Theodore Randelle Two Crow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: June 12, 2019
Filed: July 22, 2019
[Unpublished]

_____

Before KELLY, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Theodore Randelle Two Crow appeals from the two-year prison sentence the District Court[1] imposed after revoking his supervised release. Counsel has moved for

---

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

leave to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence exceeded the statutory maximum.

We have reviewed the record, and we conclude that Two Crow's argument is foreclosed by our precedent and that the District Court did not impose a revocation sentence that exceeded the statutory maximum. <u>See</u> 18 U.S.C. § 3583(e)(3) (declaring that the maximum revocation prison sentence is two years "on any such revocation" when the original conviction was a Class C felony); <u>United States v. Lewis</u>, 519 F.3d 822, 825 (8th Cir.) (explaining that the "plain language" of § 3583(e)(3) permits a two-year sentence upon revocation of supervised release for a Class C felony "without the need to consider or aggregate" a prior revocation prison term), <u>cert. denied</u>, 555 U.S. 870 (2008). To the extent counsel asks us to reconsider our prior case law or to make a special exception in this case, we find no basis to do so.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

KELLY, Circuit Judge, dissenting.

I would deny counsel's motion to withdraw because the brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), raises a non-frivolous issue that merits full briefing. Two Crow's original sentence for voluntary manslaughter, a class C felony, included a three-year term of supervised release, the statutory maximum. <u>See</u> 18 U.S.C. § 3583(b)(2). On his first revocation, he received a 14-month term of imprisonment; on his second revocation, he received an additional 10-month term of imprisonment. On this, his third revocation, the district court imposed a sentence of 24 months' imprisonment. At sentencing, Two Crow objected that this sentence—which brings his total period of incarceration for revocation sentences to 48 months—exceeded the maximum authorized by statute. In my view, this argument is not frivolous.

Section 3583(e)(3) imposes "two limitations" on the length of revocation sentences. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). First, there is a per-revocation limit. The statute provides that "on any such revocation," the term of imprisonment is capped at two years when the underlying offense is (as here) a class C felony. § 3583(e)(3). We have previously explained that "on any such revocation" means that this two-year limit applies irrespective of any prior revocation sentences imposed. United States v. Lewis, 519 F.3d 822, 824 (8th Cir. 2008). Virtually every other circuit has come to the same conclusion. See United States v. Harris, 878 F.3d 111, 119 (4th Cir. 2017) (collecting cases), cert. denied, 139 S. Ct. 59 (2018).

But there is a second limitation. Perkins, 526 F.3d at 1110. The statute authorizes the district court to "require the defendant to serve in prison *all or part of the term of supervised release authorized by statute* for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." § 3583(e)(3) (emphasis added). For class C felonies, the maximum term of supervised release authorized by statute is three years. § 3583(b)(2). Our prior opinion in Lewis did not directly address this three-year limitation because the defendant in that case argued only that his sentence violated the two-year per-revocation limit applicable to class C felonies. See Lewis, 519 F.3d at 824. We have yet to squarely confront whether this second "all or part" limitation operates as another per-revocation limitation or instead limits the aggregate amount of time that a defendant may spend in prison on revocation sentences to the term of supervised release originally authorized by § 3583(b).

There are non-frivolous reasons for interpreting it as the latter. For every class of felony, the maximum term of supervised release authorized in § 3583(b) is the same or longer than the per-revocation limit included in § 3583(e)(3). Reading the "all or part" clause as imposing a second per-revocation limit would thus render the clause meaningless. For example, in Two Crow's case, this reading would mean the

district court was prohibited from imposing any single revocation sentence of longer than two years, by operation of § 3583(e)(3)'s "on any such revocation" limit for class C felonies, and separately prohibited from imposing any single revocation sentence of longer than three years under the "all or part" clause. This reading would contravene our holding in Perkins that the clauses operate as two separate limitations, 526 F.3d at 1110, as well as our general obligation to read statutes so as to "give effect to every word that Congress used," Lowe v. S.E.C., 472 U.S. 181, 208 n.53 (1985). Furthermore, the "all or part" clause explicitly excludes credit for time the defendant previously served on supervised release but includes no such carve-out for time spent incarcerated on revocation sentences, again suggesting that the clause operates as an aggregate limitation.[2]

Reading the statute as imposing two separate per-revocation limitations raises serious constitutional concerns. A defendant could end up spending more time in prison for revocation sentences than the statutory maximum authorized by his original conviction, all based on findings found by a judge by a preponderance of the evidence. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The Supreme Court recently found a related provision, § 3583(k), unconstitutional because it exposes a defendant to a prison term that exceeds what was authorized by the original jury verdict. United States v. Haymond, No. 17-1672, 2019 WL 2605552, at *9 (U.S.

---

[2]This reading is also more harmonious with § 3583(h), which caps the length of a new supervised release term on a revocation sentence to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." We have interpreted this language as requiring the district court to credit not just the term of imprisonment imposed for the instant revocation but "the aggregate amount of any revocation terms of imprisonment." United States v. Palmer, 380 F.3d 395, 398–99 (8th Cir. 2004) (en banc). Thus, the district court would not have been able to impose a supervised release term on Two Crow's third revocation of more than 12 months (minus any prison term imposed), but under the court's ruling today, it was justified in imposing a prison term of up to 24 months.

June 26, 2019) (opinion of Gorsuch, J.). Even the dissent in that case acknowledged that "the concept of supervised release rests on the idea that a defendant sentenced to x years of imprisonment followed by y years of supervised release is really sentenced to a maximum punishment of x + y years of confinement." Id. at *16 (Alito, J., dissenting). In Two Crow's case, that formula was apparently revised to x + y + 1 without any jury trial justifying the increase in punishment.

Some other circuits have taken the approach that the court today adopts by implication.[3] But they did so prior to the Supreme Court's decision in Haymond and only after the benefit of full briefing and argument. At a minimum, Two Crow's counsel has identified an important non-frivolous issue that merits full briefing. I respectfully dissent.

_____

[3]See, e.g., United States v. Spencer, 720 F.3d 363, 369 (D.C. Cir. 2013); United States v. Hunt, 673 F.3d 1289, 1293 (10th Cir. 2012); United States v. Hampton, 633 F.3d 334, 338–40 (5th Cir. 2011).