# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2221
_____

United States of America

*Plaintiff - Appellee*

v.

Nolan Ryan Morin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: January 8, 2024
Filed: March 8, 2024
_____

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.
_____

GRUENDER, Circuit Judge.

In 2019, Nolan Morin pleaded guilty to a false-statements charge, a class D felony. *See* 18 U.S.C. §§ 1001(a), 3559(a)(4). He faced imprisonment of "not more than 5 years," *id.* § 1001(a), and "not more than three years" of supervised release, *id.* § 3583(b)(2). Morin was sentenced to time served (slightly more than 3 months) and 2 years of supervised release.

Morin violated the conditions of his initial period of supervision, so his supervised release was revoked, and he was sentenced to 12 months' imprisonment and 3 years of supervised release. After his release, Morin violated again. His supervised release was again revoked, and he was sentenced to 18 months' imprisonment and 6 months of supervised release. After release, Morin once more violated the conditions of his supervised release. The district court[1] revoked Morin's supervised release and sentenced him to 24 months' imprisonment with no term of supervised release to follow. When Morin is released from prison later this year, he will have served slightly more than 57 months in prison for his false-statements offense. Of that time, 54 months were imposed after revocation of a term of supervised release.

The district court revoked Morin's supervised release under 18 U.S.C. § 3583(e)(3), which provides that:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a Class C or D felony. . . .

This section "imposes two limitations on the term for a sentence resulting from the revocation of supervised release, and both are based on the 'offense that resulted in the term of supervised release.'" *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). "First, the revocation sentence may not exceed 'the term of supervised release authorized by statute for the [original offense] without credit for time previously served on postrelease supervision.'" *Id.* (alteration in original). This arises from the "all or part" clause. Second, the revocation sentence "may not exceed

___

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

the absolute maximum revocation sentence provided in § 3583(e)(3) with respect to the class of the original offense." *Id.* This second limitation appears in the "except that" clause. We have held that this second provision acts as a per-revocation limit and does not require "consider[ation] or aggrega[tion]" of prior revocation terms of imprisonment. *United States v. Lewis*, 519 F.3d 822, 825 (8th Cir. 2008).

Morin appeals his most recent 24-month revocation term of imprisonment. He acknowledges that his 24-month revocation sentence complies with the "except that" clause's per-revocation limit of 2 years for class D felonies. Morin argues instead that, unlike the "except that" clause, the "all or part" clause requires aggregation. Put differently, Morin claims that a sentencing court must credit previous revocation terms of imprisonment up to a maximum of "the term of supervised release authorized by statute for" the underlying offense.

Because "the term of supervised release authorized by statute for" a class D felony like Morin's is "not more than 3 years," Morin claims that the "all or part" clause caps at 3 years the total length of all revocation imprisonment he may serve based on his false-statements conviction. Morin already served 30 months in prison on his first two revocations, so he contends that the maximum revocation term of imprisonment that the district court was authorized to impose on the present revocation was 6 months. We review Morin's argument *de novo* because it concerns the legality of his sentence and involves statutory interpretation. *See United States v. Walker*, 513 F.3d 891, 893 (8th Cir. 2008).

Morin candidly admits that every circuit to consider his argument has rejected it. *See United States v. Hampton*, 633 F.3d 334, 337-42 (5th Cir. 2011); *United States v. Hunt*, 673 F.3d 1289, 1291-93 (10th Cir. 2012); *United States v. Spencer*, 720 F.3d 363, 368-70 (D.C. Cir. 2013); *see also United States v. Moore*, 22 F.4th 1258, 1269 n.10 (11th Cir. 2022) (rejecting argument on plain-error review). And they did so for good reason.

Take § 3583(e)(3)'s plain language. It permits the court to "revoke a term of supervised release." When that happens, the court may send the defendant to "prison" for "all or part of the term of supervised release authorized by statute for the [underlying] offense . . . without credit for time served on postrelease supervision." *Id.* In Morin's case, the "term of supervised release authorized by statute" for his underlying offense is 3 years. *See* § 3583(b)(2). Nowhere does § 3583(e)(3) require the court "to consider or aggregate" prior revocation terms of imprisonment. *See Lewis*, 519 F.3d at 825. Instead, the "all or part" clause imposes a per-revocation limit. No single revocation term of imprisonment may exceed "the term of supervised release authorized by statute for the [original offense] without credit for time previously served on postrelease supervision." *See Perkins*, 526 F.3d at 1110 (alteration in original). Here, Morin's 24-month sentence is a full year short of the 3-year per-revocation limit imposed by the "all or part" clause.

Compare § 3583(e)(3) with § 3583(h), the subsection that provides for the imposition of additional supervised release after the defendant serves a revocation term of imprisonment. Section 3583(h) says:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release.*

(emphasis added). "[T]he fact that § 3583(h) explicitly provides for aggregation of revocation imprisonment in connection with the phrase 'term of supervised release authorized by statute,' whereas § 3583(e)(3) does not for the identical phrase, is strong evidence of congressional intent not to require aggregation in § 3583(e)(3)." *Hampton*, 633 F.3d at 340; *Hunt*, 673 F.3d at 1293 ("Like the Fifth Circuit, we are persuaded that the inclusion of an explicit aggregation requirement in § 3583(h) is

-4-

further evidence Congress did not intend § 3583(e)(3), which has no such language, to require aggregation.").

Morin points out that the "all or part" clause of § 3583(e)(3) allows the revoking court to sentence the defendant to prison for "all or part of the term of supervised release authorized by statute . . . without credit for time previously served on postrelease supervision" but does not explicitly allow the district court to ignore prior revocation imprisonment. Morin argues that the inclusion of one is the exclusion of another, so the reference to postrelease supervision without a reference to postrelease incarceration implies that Congress intended the "all or part" clause to limit aggregate revocation imprisonment by requiring the court to consider time served on prior revocations. We disagree.

The "all or part" clause is best "read to mean what it literally says."[2] *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008). As we recognized in *Lewis*, Congress long ago abolished the "except that" clause's former requirement that previous revocation terms of imprisonment be aggregated together when calculating a revocation sentence. 519 F.3d at 824; *see also* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650. "Had Congress intended the first half of § 3583(e)(3) to require aggregation, it would not have amended the second half of the statute to preclude such an interpretation." *Hunt*, 673 F.3d at 1293; *Hampton*, 633 F.3d at 341; *see also Ali*, 552 U.S. at 228 ("[I]nterpretive canons must yield when the whole context dictates a different conclusion." (internal quotation marks omitted)).

---

[2]For this reason, we note that neither legislative history nor the rule of lenity aids Morin. *See United States v. I.L.*, 614 F.3d 817, 820 (8th Cir. 2010) ("When the words of a statute are unambiguous . . . judicial inquiry is complete." (internal quotation marks omitted)); *United States v. Buford*, 54 F.4th 1066, 1068 (8th Cir. 2022) (noting that we consider "the rule of lenity only when, after employing all other tools of construction, a grievous ambiguity or uncertainty in the statute remains" (internal quotation marks omitted)).

Morin argues that this interpretation renders the "all or part" clause superfluous. It is true that the "except that" clause's per-revocation limitation based on the particular class of felony at issue is shorter than the "all or part" clause's per-revocation limitation. Yet the "all or part" clause is not meaningless. It "expand[s] the sentencing court's authority," *Hunt*, 673 F.3d at 1292, granting it the power "to impose a revocation sentence in excess of the amount of supervised release authorized by the original sentencing court, . . . thereby removing the otherwise arguable limitation that a prison term imposed could never be longer than the term of the revoked supervised release," *Hampton*, 633 F.3d at 339; *see also Johnson v. United States*, 529 U.S. 694, 705 (2000).

As a final parry, Morin argues that our interpretation of § 3583(e)(3) raises "serious Fifth and Sixth Amendment concerns" because it could allow a defendant to "end up spending more time in prison for revocation sentences than the statutory maximum authorized by his original conviction, all based on findings found by a judge by a preponderance of the evidence." *Cf. United States v. Haymond*, 558 U.S. ---, 139 S. Ct. 2369, 2384 (2019) (plurality opinion); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Morin will serve a total of slightly more than 57 months in prison for his false-statements conviction, including revocation terms of imprisonment—less than the statutory maximum for a violation of 18 U.S.C. § 1001(a). Thus, to the extent that Morin's constitutional concerns are legitimate, this case does not implicate them. *See Haymond*, 139 S. Ct. at 2384.

\* \* \*

The 24-month term of revocation imprisonment Morin received was authorized by statute. Thus, we affirm the judgment of the district court.

_____