09-4025-cr
USA v. Epstein

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2010

(Submitted: Friday, August 27, 2010                    Decided: Friday, September 3, 2010)

Docket No. 09-4025-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

MITCHELL R. EPSTEIN,

*Defendant-Appellant,*

MANDIE JO WILLIS, DIANA L. WILLIS,

*Defendants.*[*]

Before: MINER, CABRANES, and STRAUB, *Circuit Judges*:

Appeal from a judgment entered September 17, 2009, by the United States District Court for

the Northern District of New York (David N. Hurd, *Judge*).  Defendant argues that the District

Court erred in failing to credit time served in prison under a prior revocation of supervised release

toward the statutory maximum term of imprisonment authorized for a subsequent revocation under

18 U.S.C. § 3583(e)(3).  We hold that prior terms of imprisonment for violations of supervised

release do not limit the maximum sentence a district court may impose under § 3583(e)(3), as

_____

[*] The Clerk of Court is directed to amend the official caption to conform to the listing of the
parties stated above.

amended by the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today

Act of 2003 ("PROTECT Act"), Pub. L. 108-21, § 101, 117 Stat. 650, 651 (2003).

Affirmed.

>Melissa A. Tuohey, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender, and James P. Egan, *on the brief*), Syracuse, NY, *for defendant-appellant.*

>Elizabeth S. Riker, Assistant United States Attorney (Richard S. Hartunian, United States Attorney, *on the brief*, and Richard R. Southwick, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Northern District of New York, Syracuse, NY, *for appellee.*

PER CURIAM:

The question presented is whether our holding in *United States v. Merced*, 263 F.3d 34 (2d Cir.

2001)—establishing that prior terms of imprisonment for violations of supervised release count

toward, and therefore limit, the maximum sentence a district court may impose for a subsequent

violation of supervised release under 18 U.S.C. § 3583(e)(3)[1]—applies to a defendant whose

---

[1] Section 3583 provides, in relevant part:

>The court may, after considering [certain] factors . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

18 U.S.C. § 3583(e)(3) (2006).

underlying offense was committed after the enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. 108-21, § 101, 117 Stat. 650, 651 (2003).

Defendant-appellant Mitchell R. Epstein ("defendant" or "Epstein") appeals from a September 17, 2009 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) sentencing him principally to 24 months' imprisonment for violating the conditions of his supervised release. Epstein argues that the District Court erred in failing to count his prior 12-month prison term for a violation of supervised release toward his sentence for the subsequent violation. Because 18 U.S.C. § 3583 permits a court to impose a maximum sentence of two years for violations of conditions of supervised release for which the underlying offense was a Class C or D felony, Epstein contends that the 24-month sentence he received after the second revocation of his supervised release exceeds the legal maximum sentence by 12 months.

We hold that prior sentences for violations of the conditions of supervised release are not credited toward, and therefore do not limit, the statutory maximum a district court may impose for a subsequent violation of supervised release pursuant to § 3583(e)(3), as amended by the PROTECT Act. That is, each violation is subject to the maximum sentence notwithstanding time served pursuant to prior revocations. Our holding to the contrary in *Merced* does not control when a defendant's underlying offense occurred after the enactment of the PROTECT Act.

## BACKGROUND

On January 19, 2007, Epstein pleaded guilty to two counts of a six-count indictment charging him and two others with (1) conspiracy to make false statements in the acquisition of firearms (18 U.S.C. § 371), a Class D felony, and (2) possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(a)(2)), a Class C felony. He was sentenced by Judge Hurd on October 15,

2007 principally to 27 months' imprisonment and three years of supervised release. On January 15, 2008, Epstein was released from prison and began his first term of supervised release. On July 9, 2008, after Epstein tested positive for marijuana and opiates, the District Court revoked Epstein's supervised release and sentenced him principally to a 12-month term of imprisonment followed by two more years of supervised release.

On June 26, 2009, Epstein was released from prison and began his second term of supervised release. On August 14, 2009, he was discovered at an unauthorized location and in possession of an unauthorized cell phone in violation of the conditions of his supervised release. On September 17, 2009, after Epstein admitted to these violations, the District Court again revoked his supervised release and sentenced him principally to 24 months' imprisonment with no term of supervised release. Epstein filed a timely appeal.

## DISCUSSION

Revocation of a defendant's supervised release is governed by 18 U.S.C. § 3583, which, *inter alia*, permits a court to impose a maximum sentence of two years for violations of conditions of supervised release for which the underlying offense was a Class C or Class D felony. Epstein argues that, having already served 12 months for his first violation of supervised release, the District Court could sentence him to no more than 12 months for his second violation. That is, he argues that the 12-month term of imprisonment he served for his first violation must be counted toward the two-year maximum term authorized in 18 U.S.C. § 3583(e)(3).

### A.

We review *de novo* the district court's legal determinations in a sentencing decision. *United States v. Johnson*, 221 F.3d 83, 94 (2d Cir. 2000).

### B.

4

Section 3583(e)(3) provides that "a defendant whose term [of supervised release] is revoked . . . may not be required to serve *on any such revocation* more than . . . 2 years in prison if the offense [that resulted in the term of supervised release] is a class C or D felony . . . ." 18 U.S.C. § 3583(e)(3) (2006) (emphasis added). This language reflects a 2003 amendment included in the PROTECT Act, in which Congress added the phrase "on any such revocation" after the phrase "required to serve." Pub. L. 108-21, § 101(1), 117 Stat. 650 (codified as amended at 18 U.S.C. § 3583(e)(3) (2006)). This was the only change made to § 3583(e)(3) by the PROTECT Act.

Prior to the amendment, our Court, along with every other Court of Appeals to address the question, interpreted § 3583(e)(3) to allow defendants to "accumulate" prison time served for multiple revocations of supervised release based on the same underlying offense, and to credit this time toward the maximum term of imprisonment authorized by the statute. *See Merced*, 263 F.3d at 37; *accord United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004); *United States v. Jackson*, 329 F.3d 406, 407–08 (5th Cir. 2003); *United States v. Swenson*, 289 F.3d 676, 677 (10th Cir. 2002); *United States v. Brings Plenty*, 188 F.3d 1051, 1053–54 (8th Cir. 1999); *United States v. Beals*, 87 F.3d 854, 857–58 (7th Cir. 1996), *overruled on other grounds by United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997). This interpretation was based not only on the language of the statute, but also on its legislative history, which revealed that the sponsor of an earlier bill containing nearly identical provisions understood the statutory limits to authorize "the imposition of an additional term of supervised release following the revocation of supervised release and re-imprisonment . . . only if the defendant had served less time in prison for previous supervised release violations than the maximum authorized period of re-imprisonment." *Merced*, 263 F.3d at 37–38 (citing 137 Cong. Rec. S7769-72 (daily ed. June 13, 1991) (statement of Sen. Thurmond)).[2]

_____

[2] Senator Thurmond provided a detailed example of what the language in § 3583(e)(3) would require:

**C.**

Since the 2003 amendment in the PROTECT Act, every Court of Appeals to have considered the issue has interpreted the amendment to § 3853(e)(3) to eliminate the credit for terms of imprisonment resulting from prior revocations. *See United States v. Knight*, 580 F.3d 933, 937–38 (9th Cir. 2009), *United States v. Lewis*, 519 F.3d 822, 824–25 (8th Cir. 2008); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005) (in dicta); *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004) (in dicta). We join our sister circuits in holding that the statutory maximum sentences in § 3583(e)(3) apply to each discrete revocation of a defendant's supervised release, irrespective of any time served for previous violations.

We look first to the plain meaning of the statutory text. *See, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 187-88 (2d Cir. 2008). The amended language of § 3583(e)(3), like the previous version of the statute, provides that a court may revoke a term of supervised release, but the amended version limits the maximum term of imprisonment (in Epstein's case, 2 years) "on any such revocation." The consequence of adding these words is that the statutory maximum now refers to each successive revocation separately.

---

> For example, in the case of a Class C felony for which the maximum supervised release term is three years, a defendant who is revoked and re-imprisoned for 18 months could be ordered to serve as much as 18 additional months on supervised release (36-month maximum term of supervised release-18 months imprisonment = 18 months possible re-release supervision). *If the same defendant was again revoked, he could be re-imprisoned for not exceeding six months (24-month cap-18 months previously-served imprisonment = 6 months allowable imprisonment)* and if so imprisoned, could not thereafter be placed on supervision (because the two-year imprisonment cap would have been reached). Thus, under [the amendments], a defendant would always be credited for incarceration time against both the cap on re-imprisonment and the maximum authorized period of supervised release.

137 Cong. Rec. S7772 (daily ed. June 13, 1991) (emphasis added).

Furthermore, the very act of inserting the phrase "on any such revocation" suggests that, prior to 2003, Congress understood the statutory maximum to apply to the total amount of time served for multiple violations, or at least that Congress was aware that the courts had interpreted the statute in this way.

Epstein argues that such an interpretation of the statute would contradict the purpose of the PROTECT Act. He relies upon the title of Section 101, "SUPERVISED RELEASE TERM FOR SEX OFFENDERS," and the Act's stated purpose "[t]o prevent child abduction and the sexual exploitation of children, and for other purposes," Pub. L. No. 108-21, 117 Stat. 650, 650 (2003), for the proposition that Congress intended to revise sentencing for violations of supervised release only with respect to sex offenders.

Epstein's arguments are unavailing. It is well established that "the title of a statute cannot limit the plain meaning of its text." *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998) (internal quotation marks and alterations omitted); *see also Drax v. Reno*, 338 F.3d 98, 110 (2d Cir. 2003). We acknowledge that, notwithstanding certain miscellaneous provisions, *see* Pub. L. No. 108-21, § 608, 117 Stat. 650, 691 (modifying the Controlled Substances Act), the PROTECT Act applies primarily to child sex offenders. This arguably creates some uncertainty as to whether Congress intended the amendment to § 3583(e)(3) to apply to all criminal defendants, or to sex offenders alone. The statutory text, however, is unambiguous, and we will not stretch to contradict the text where, as here, the plain meaning produces a result that is neither "absurd" nor "plainly at variance" with the policy of the legislation. *See E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 120 (1988) (internal quotations marks omitted); *accord Yerdon v. Henry*, 91 F.3d 370, 376 (2d Cir. 1996).

Finally, Epstein argues that our interpretation is undesirable as a matter of public policy. We admit, as we noted in *Merced*, that applying the maximum sentence under § 3583(e)(3) to each

successive revocation "permit[s] an endless cycle of consecutive terms of imprisonment and supervised release based on a single underlying offense . . . ." *Merced*, 263 F.3d at 37. But our policy views regarding this possible outcome do not change our responsibility to abide by the clear language of the amended statute. Accordingly, our holding in *Merced* no longer applies to a defendant whose underlying offense was committed after the enactment of the PROTECT Act. *See Johnson v. United States*, 529 U.S. 694, 701–02 (2000) (holding that absent clear congressional intent to the contrary, statutes changing post-revocation penalties apply only to defendants whose underlying offenses are committed after the effective date of the statute).

## CONCLUSION

In sum, the District Court did not err when it sentenced Epstein to two-years' imprisonment for a violation of the conditions of his supervised release—the maximum sentence permitted under § 3583(e)(3) for a Class C or D felony—after Epstein had already served a 12-month term as a result of a prior revocation.

We have considered all of the defendant's other arguments and find them to be without merit. The judgment of the District Court is therefore **AFFIRMED**.