11-4765-cr
United States v. Soriano

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand twelve.

PRESENT:   JON O. NEWMAN,
           BARRINGTON D. PARKER,
           REENA RAGGI,
                    *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                No. 11-4765-cr

VINCENTE EDMUNDO SORIANO,
                    *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:          Marjorie M. Smith, Esq., Piermont, New York.

FOR APPELLEE:           Emily Berger, Allen L. Bode, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on November 10, 2011, is AFFIRMED in part and VACATED in part, and the case REMANDED for further proceedings.

Vincente Edmundo Soriano, who pleaded guilty to being found in the United States without permission after having been deported for the commission of an aggravated felony, see 8 U.S.C. § 1326(a), (b)(2), appeals his sentence, challenging his (1) 46-month Guidelines prison term as procedurally unreasonable, and (2) five-year term of supervised release as exceeding the statutory maximum prescribed for his illegal reentry crime, see 18 U.S.C. § 3583(b)(2). We review the procedural reasonabless of a sentence "under a deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). We construe § 3583 de novo. See United States v. Epstein, 620 F.3d 76, 79 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

1.    Procedural Error

In challenging the reasonableness of his incarceratory sentence based on purported procedural error, Soriano does not contest his Sentencing Guidelines calculation, which yielded an advisory range of 46 to 57 months' imprisonment. Rather, he asserts a number of procedural flaws not raised in the district court. Accordingly, we review only for plain error, see United States v. Villafuerte, 502 F.3d 204, 209 (2d Cir. 2007), which we do not identify here.

First, Soriano faults the district court for not explaining its reasons for imposing a 46-month sentence, rather than the 12-month sentence urged by defense counsel, particularly in light of the sentencing factors identified in 18 U.S.C. § 3553(a). As Soriano concedes, there is a "strong presumption" that the district court exercised its sentencing discretion based on an assessment of the totality of factors listed in § 3553(a). United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006). That presumption is not defeated by the district court's failure explicitly to reference the § 3553(a) factors. See id.; United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008) (declining to require "specific verbal formulations . . . to demonstrate the adequate discharge of the duty to consider matters relevant to sentencing" (internal quotation marks omitted)). Much less is such a purported failure plain error.

Here, the district court stated that its sentencing decision was "based upon everything," assuring the parties, "I have read everything." Sentencing Tr. 9–10. In this case, "everything" included not only the Pre-Sentence Report ("PSR"), which detailed facts relevant to virtually every § 3553(a) factor, with the possible exception of § 3553(a)(6), but also defense counsel's written submission, as well as numerous personal letters that also shed light on the § 3553(a) factors. At sentencing, the parties focused the district court's attention on those facts relevant to § 3553(a)(1) and (a)(2), so it is not surprising that the court addressed those, tersely explaining why it was not persuaded that the facts highlighted demonstrated a sufficient change in defendant's character, see 18 U.S.C. § 3553(a)(1), to mitigate the need for deterrence, promotion of respect for the law, and protection of the

public, see id. § 3553(a)(2)(A)–(C).[1] While a fuller explanation might have facilitated review, we are satisfied that the district court adequately considered the § 3553(a) factors and all arguments raised by counsel, and that it gave sufficient reasons for its sentence to survive a procedural challenge.

Second, Soriano appears to fault the district court for stating that it was adopting the Probation Department's recommendation of a 46-month sentence when no such recommendation appears in the PSR. Insofar as this argument implies that the Probation Department did not, in fact, make a sentencing recommendation, the suggestion is contradicted by the sentencing transcript, which confirms that defense counsel had "gone over probation's recommendation with" Soriano. Sentencing Tr. 9. This statement is consistent with the government's description on appeal of the longstanding practice of providing such recommendations in a confidential transmittal distinct from the PSR.

Third, Soriano contends that the district court did not adequately address why a shorter period of incarceration would not be sufficient to comply with the purposes of sentencing as provided in the parsimony clause of 18 U.S.C. § 3553(a). We do not require a district court expressly to refer to the parsimony clause to demonstrate satisfaction of its obligations thereunder. See United States v. Ministro-Tapia, 470 F.3d 137, 141 (2d Cir. 2006).

---

[1] We do not second-guess the district court's evaluation of these factors where, as here, the sentence imposed fell within the broad range of choices reasonably available to the district court. See United States v. Cavera, 550 F.3d at 200; United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

To the extent Soriano contends that other defendants in illegal reentry cases have received more lenient sentences than he received, he fails to demonstrate that they are sufficiently similarly situated, particularly as to criminal history, such "that the disparity in sentences has no stated or apparent explanation." United States v. Ebbers, 458 F.3d 110, 129 (2d Cir. 2006) (citing 18 U.S.C. § 3553(a)(6)).

In sum, we identify no procedural error, let alone plain error, that renders Soriano's 46-month sentence unreasonable.

2.    Supervised Release

The government concedes, as it must, that the district court erred in imposing a five-year term of supervised release, because 18 U.S.C. § 3583(b)(2) authorizes supervised release for a term of "not more than three years" for Class C felonies such as that to which Soriano pleaded guilty. See 18 U.S.C. § 3559(a)(3). We therefore vacate the term of supervised release and remand for the limited purpose of having the district court revise that part of its sentence and impose a term within the three-year maximum.

The judgment of conviction is AFFIRMED in part and VACATED in part and the case is REMANDED for further proceedings consistent with this order.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

5