In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2182

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

STEVEN J. PERRY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:04-cr-00079-RLM-CAN-1 — **Robert L. Miller, Jr.**, *Judge.*

ARGUED JANUARY 24, 2014 — DECIDED FEBRUARY 14, 2014

Before BAUER, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* In 2004, Steven Perry ("Perry") was charged with four counts relating to the possession and transportation of child pornography. He pleaded guilty to two counts and was sentenced by the district court to concurrent 46- and 60-month terms of imprisonment to be followed by three- and five-year terms of supervised release. In 2009, Perry violated the terms of his supervised release and was sentenced to three months' imprisonment and four years of supervised

release. In 2013, Perry violated the terms of his supervised release once again. The district court sentenced Perry to a five-year term of imprisonment as well as a ten-year term of supervised release. In its written judgment, the court imposed four new conditions of supervision. Perry now appeals the five-year sentence imposed by the district court as well as the additional conditions of supervision.

## I. BACKGROUND

### A. The Indictment

In 2003, Perry shared eleven images of child pornography with an internet group dedicated to collecting and sharing child pornography. A search of Perry's apartment uncovered discs containing hundreds of images of child pornography. On August 13, 2004, a grand jury charged Perry in a four-count indictment for violations of 18 U.S.C. §§ 2252 and 2252A.[1]

### B. The March 17, 2005, Sentencing Hearing

On March 17, 2005, Perry pleaded guilty to two counts: violations of §§ 2252A(a)(1) and (a)(5)(B). The government dismissed the other two counts. The district court sentenced Perry to 60 months' imprisonment and a five-year term of supervised release on the first count and a concurrent 46-month term of imprisonment and a three-year term of super-vised release on the second count. The court imposed fifteen

---

[1] 18 U.S.C. § 2252 criminalizes knowingly transporting or possessing visual depictions involving the use of a minor engaging in sexually explicit conduct, whereas § 2252A targets knowingly possessing or transporting child pornography, and encompasses a broader range of conduct.

standard conditions of supervised release, as well as six special conditions.

### C.  Perry's First Violation of Supervised Release

On October 9, 2009, Perry was in the unsupervised company of a twelve-year-old female in violation of the terms of his sex offender specific treatment. On October 30, 2009, he admitted fault and was sentenced to three months' imprisonment coupled with a four-year term of supervised release. The court imposed the same conditions of supervised release that it had previously imposed on March 17, 2005.

### D.  Perry's Second Violation of Supervised Release

On May 8, 2013, a probation officer visited Perry at home and found child pornography on his computer, a violation of the terms of his supervised release. At his revocation hearing, Perry admitted violating the terms of his supervised release by possessing child pornography. The probation officer (mistakenly) stated in his report that Perry was subject to the statutory minimum five-year term of imprisonment mandated by the current version of 18 U.S.C. § 3583(k). Perry's attorney agreed with this calculation, as did the government. The district court accepted the parties' conclusions, and orally sentenced Perry to five years' imprisonment as well as a ten-year term of supervised release "on the same conditions originally set." In its written judgment, the district court added four special conditions of supervision that were not mentioned at the revocation hearing. Perry timely appeals both the length of his sentence and the additional special conditions of supervision imposed by the district court in its written judgment.

## II.  DISCUSSION

### A.  Perry's Sentence

Perry first challenges the district court's decision to impose a mandatory five-year term of imprisonment pursuant to 18 U.S.C. § 3583(k). Perry argues that the district court erred because the version of § 3583(k) in effect at the time of his initial offense authorized a maximum sentence of only two years. We agree.

Defendants are to be sentenced at their revocation hearings pursuant to the version of the statute in effect on the date they committed the offense. *Johnson v. United States,* 529 U.S. 694, 702 (2000). "[W]hen a statute has no effective date, 'absent a clear direction by Congress to the contrary, [it] takes effect on the date of its enactment.'" *Johnson,* 529 U.S. at 702, citing *Gozlon-Perez v. United States*, 498 U.S. 395, 404 (1991). Legislation is not to be applied retroactively, *Lynce v. Mathis*, 519 U.S. 433, 439 (1997), especially when statutes burden private interests. *Landgraf v. USI Film Products,* 511 U.S. 244, 270 (1994).

The current version of 18 U.S.C. § 3583(k) states, "[i]f a defendant required to register under the Sex Offender Registration and Notification Act (SORNA) commits any criminal offense … the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment … . Such term shall not be less than 5 years."

This version of the statute, however, did not take effect until July 27, 2006, and nothing in the language of the statute indicates that Congress intended the statute to apply retroactively. When Perry committed his initial offense in 2003,

§ 3583(k) stated, "[A] defendant whose term [of supervised release] is revoked under this paragraph may not be required to serve on any such revocation … more than 2 years in prison if such offense is a class C or D felony … ."

Perry argues, and the government concedes, that since Perry committed his original offense in 2003 and the offense constituted a class C felony, he was subject to the statutory two-year maximum term of imprisonment outlined in the 2003 version of § 3583(k). We agree, and so vacate Perry's five-year term of imprisonment and remand with instructions to the district court to sentence Perry to no more than two years' imprisonment pursuant to the 2003 version of § 3583(k).

## B. Whether Prior Terms of Imprisonment Count Towards the Maximum Sentence a Court Can Impose for Subsequent Violations of Supervised Release

Perry acknowledges that he is subject to the maximum two-year term of imprisonment allowed by § 3583(k) for violating the terms of his supervised release. He contends, however, that he should be credited for time served. Since he served three months in prison in 2005 for a prior violation of his supervised release, Perry argues that his new sentence should be, at most, twenty-one months.

Perry's case presents an issue of first impression in this circuit—whether a defendant's past time served due to a prior revocation of his supervised release should count towards and so limit the maximum sentence the district court can impose for a subsequent violation of his supervised release under 18 U.S.C. § 3583(e)(3). Though Perry now claims that this issue is not ripe for our review, Perry squarely placed the issue before

this Court when he argued that "the correct statutory provisions provide that Mr. Perry may serve no more than 21 months' imprisonment on the revocation." We now turn to the statute at issue.

Revocation of a defendant's supervised release is governed by 18 U.S.C. § 3583(e)(3). It provides that "a defendant whose term [of supervised release] is revoked … may not be required to serve on any such revocation more than … 2 years in prison if such offense [that resulted in the term of supervised release] is a class C or D felony … ." In 2003, Congress amended the statute and added the phrase "*on any such revocation.*" Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, Pub. L. 108-21, § 101, 117 Stat. 650, 651 (Apr. 30, 2003) (emphasis added). This was the only change made to the statute.

Before the statute was amended to include the phrase "on any such revocation," § 3583(e)(3) was interpreted by this Court as well as the rest of the circuits to allow defendants to aggregate prison time served for multiple revocations of supervised release and to credit this time towards the maximum term of imprisonment authorized by the statute. *See United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997).

Since the statute was amended in 2003, every court of appeals to consider this issue has determined that the amendment "eliminate[s] the credit for terms of imprisonment resulting from prior revocations." *United States v. Epstein*, 620 F.3d 76, 80 (2d Cir. 2010) (statutory maximum sentences in § 3583(e)(3) apply to each discrete revocation of a defendant's supervised release, regardless of time served for previous

violations); *United States v. Shabazz*, 633 F.3d 342, 346 (5th Cir. 2011) ("[i]f Congress had intended for courts to continue reading the language at the end of § 3583(e)(3) as an aggregate limit on revocation imprisonment it would have left … § 3583(e)(3) unaltered"); *United States v. Lewis*, 519 F.3d 822, 825 (8th Cir. 2008) (the plain language of § 3583(e)(3) permits imposition of a prison sentence for a revocation of supervised release without requiring the court to consider or aggregate prison terms served due to prior revocations); *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009) (the 2003 amendment made "clear that Congress intended to ensure that a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms"); *United States v. Hernandez*, 655 F.3d 1193, 1196 (10th Cir. 2011) ("the clause's plain language creates a new and independent two-year incarceration limit. To hold otherwise … . [would force the court] to ignore the term 'any such revocation' … ."); *United States v. Spencer*, 720 F.3d 363, 367–68 (D.C. Cir. 2013) (§ 3583(e)(3) is unambiguous, resulting in "per-revocation limits and not aggregate limits."). The first, third, and eleventh circuits have yet to squarely address this issue, but have reached similar conclusions regarding the interpretation of § 3583(e)(3) in dicta. *See United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004); *United States v. Williams*, 675 F.3d 275, 279–81 (3d Cir. 2012); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005).

We agree with the reasoning of our sister circuits and hold that prior time served for violations of supervised release is not credited towards and so does not limit the statutory maximum

that a court may impose for subsequent violations of supervised release pursuant to § 3583(e)(3). As such, Perry's three months' time served for a prior violation of his supervised release will not be credited towards or limit the statutory maximum the district court may impose for his most recent violation of supervised release. On remand, the district court may impose up to two-years' imprisonment for Perry's latest violation of the terms of his supervised release.

### C. Additional Special Conditions of Supervised Release Imposed

Perry also contests the four special conditions of supervised release the district court added in its written judgment. Perry asks this court to vacate those conditions and to replace them with the conditions the court orally imposed at his revocation hearing.

"The rule in such situations is clear: 'if an inconsistency exists between a judge's oral and the later written sentence, the sentence pronounced from the bench controls.'" *United States v. Alburay,* 415 F.3d 782, 788 (7th Cir. 2005) (quoting *United States v. Bonnano,* 146 F.3d 502, 511 (7th Cir. 1998)). At Perry's revocation hearing, the judge stated that Perry would be "subject to the same conditions as originally imposed" by the court on March 17, 2005. Since oral pronouncement of the sentence controls, the four additional special conditions imposed by the district court in its written judgment must be vacated.

Though Perry asks that we reinstate his original conditions of supervision, 18 U.S.C. § 3583(e)(2) allows the district court to "modify, reduce, or enlarge the conditions of supervised

release, at any time prior to the expiration or termination of the term of supervised release … ." We therefore remand to the district court to determine Perry's conditions of supervision as it sees fit.

### III. CONCLUSION

For the reasons mentioned above, we VACATE Perry's sentence and the additional conditions of supervision imposed by the district court in its written judgment. We REMAND with instructions to the district court to sentence Perry to no more than two years' imprisonment for his latest violation of supervised release, and to determine Perry's conditions of supervision.