**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4971**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KELLY JOSEPH RUCKER,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Ashville.  Martin K. Reidinger, District Judge.  (1:09-cr-00034-MR-DLH-1)

─────────

Submitted:  July 3, 2014        Decided:  July 17, 2014

─────────

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly Joseph Rucker appeals from the revocation of his supervised release and the imposition of a prison term of twelve months and one day. On appeal, Rucker's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues on appeal but questioning whether Rucker was sentenced over the statutory maximum of twenty-four months, given the prior sentences he served (totaling twenty months) for violations of his supervised release. Neither Rucker nor the Government has filed an additional brief. We affirm.

A district court may revoke a term of supervised release and impose a term of imprisonment after "find[ing] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). "[A] defendant whose term is revoked . . . may not be required to serve on any such revocation more than . . . 2 years in prison if such offense is a class C or D felony . . . ." Id.

Under a prior version of this statute, we "assume[d] without deciding[] that § 3583(e)(3)'s maximum prison term limits the total prison time that may be imposed for multiple violations of supervised release." United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002). However, section 3583 was amended in 2003 by the Prosecutorial Remedies and Other Tools to

2

End the Exploitation of Children Today Act of 2003 ("PROTECT Act" or "Act"). The Act added the phrase "on any such revocation" to § 3583(e)(3). Every Circuit to address the amended version of § 3583(e)(3) has concluded that "prior time served for violations of supervised release is not credited towards and so does not limit the statutory maximum that a court may impose for subsequent violations of supervised release." United States v. Perry, 743 F.3d 238, 241-42 (7th Cir. 2014) (collecting cases); see also United States v. Tapia-Escalera, 356 F.3d 181, 188 (1st Cir. 2004) (noting that, through the PROTECT Act, "Congress has altered the statute to adopt the government's position" that the terms of imprisonment do not aggregate (emphasis omitted)). We agree.

Accordingly, we conclude that the district court properly determined that Rucker's prior revocation sentences did not limit the statutory maximum available and, thus, that Rucker's sentence does not exceed the statutory maximum. In accordance with Anders, we have reviewed the entire record in this case for meritorious claims and have found none. Accordingly, we affirm the district court's judgment.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition

3

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED