**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4797**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ROLAND WARE, a/k/a Finesse, a/k/a Fetti,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:07-cr-00176-D-4)

Submitted: January 28, 2016       Decided: February 8, 2016

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Ware appeals from the revocation of his supervised release and the imposition of a prison term of 36 months. On appeal, Ware argues that his sentence exceeds the statutory maximum allowed for a revocation of supervised release, given the 12 months previously served on his prior revocation. He contends that his plea agreement limited the aggregate total amount of time he could serve upon revocation of supervised release to three years. In the alternative, he argues that his plea agreement was ambiguous as to whether the three-year limit was an aggregate limit or a per-violation limit. We affirm.

At the outset, we note that the parties disagree as to what standard of review to employ. The Government contends that Ware did not raise this claim of error below, and thus it should be reviewed for plain error. Ware counters that his counsel, although agreeing with the policy statement range announced by the district court, objected to the three-year statutory maximum. Our review of the transcript confirms that defense counsel objected to the statutory maximum. However, he did not articulate that his objection was based on violation of the plea agreement by use of a per-violation basis to calculate the statutory maximum sentence. We need not resolve this dispute because Ware's issue does not survive de novo review. <u>See</u>

2

<u>United States v. Under Seal</u>, 709 F.3d 257, 261 (4th Cir. 2013) (questions of statutory interpretation are reviewed de novo).

Ware's plea agreement, entered into in November 2007, specifies "Maximum term of supervised release: 5 years [and] Maximum term of imprisonment upon revocation of supervised release: 3 years." Ware therefore argues that the court's three-year second revocation sentence altered the terms of his plea agreement.

A district court may revoke a term of supervised release and impose a term of imprisonment after "find[ing] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). "[A] defendant whose term is revoked . . . may not be required to serve on any such revocation more than . . . 3 years in prison if such offense is a class B felony . . . ." <u>Id.</u>

Under a prior version of this statute, this court "assume[d] without deciding[] that § 3583(e)(3)'s maximum prison term limits the total prison time that may be imposed for multiple violations of supervised release." <u>United States v. Hager</u>, 288 F.3d 136, 137 (4th Cir. 2002). Section 3583 was amended in 2003, however, by the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act" or "Act"). The Act added the phrase "on any such revocation" to § 3583(e)(3). Every Circuit to address the

3

amended version of § 3583(e)(3) has concluded that "prior time served for violations of supervised release is not credited towards and so does not limit the statutory maximum that a court may impose for subsequent violations of supervised release." United States v. Perry, 743 F.3d 238, 241-42 (7th Cir. 2014) (collecting cases); see also United States v. Tapia-Escalera, 356 F.3d 181, 188 (1st Cir. 2004) (noting that, through the PROTECT Act, "Congress has altered the statute to adopt the government's position" that the terms of imprisonment do not aggregate (emphasis omitted)). We agree.

Ware's plea agreement was executed well after the date of enactment of the revised § 3583(e). Further, he entered into it after at least two Circuit Court decisions upholding the per-violation maximum. See Tapia-Escalera, 356 F.3d at 188; United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005), abrogated on other grounds. "Applying standard contract law, we enforce a plea agreement's plain language in its ordinary sense and do not write the contracts of the parties retroactively, but merely construe the terms of the contract the parties previously signed." United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007) (internal quotation marks and citations omitted). The terms of the plea agreement were clear and Ware does not contend that he would not have entered into it had he understood that

4

the revocation sentence statutory maximum was per-violation and not an aggregate of revocation sentences.

Ware's alternative argument that his plea agreement was ambiguous is likewise unavailing. Nothing in the record indicates that his plea was unknowing or involuntary due to a misunderstanding about the statutory maximum sentence applicable on supervised release revocation. The statutory maximum was revised four years prior to Ware entering into the plea agreement. At the Fed. R. Crim. P. 11 hearing, Ware confirmed that he understood the terms of his plea agreement. "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances — even though the defendant may not know the specific detailed consequences of invoking it." United States v. Ruiz, 536 U.S. 622, 629 (2002). The plea agreement constituted the entire understanding between the parties and Ware confirmed at the Rule 11 hearing that there were no other agreements between the parties. Under these circumstances, we determine that there was no ambiguity in the plea agreement such that an interpretation that goes against the plain statutory language and case law should be applied.

Thus, we conclude that the district court properly determined that Ware's prior revocation sentence did not limit

the statutory maximum available and, therefore, Ware's sentence does not exceed the statutory maximum or violate the terms of his plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED