**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4000**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY SHEPHERD,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:11-cr-00033-JPJ-1)

Submitted:  August 14, 2017                Decided:  August 18, 2017

Before TRAXLER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Krysia Carmel Nelson, LAW OFFICES OF KRYSIA CARMEL NELSON, PLC, Keswick, Virginia, for Appellant.  Mary Kathleen Carnell, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Shepherd appeals from the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Shepherd's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the 24-month sentence is plainly unreasonable, whether the district court erred under 18 U.S.C. § 3583 (2012) in failing to afford Shepherd sentencing credit for his prior prison term imposed following revocation of supervised release, and whether trial counsel rendered ineffective assistance. Shepherd was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). This court "will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (quoting *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original

2

sentences inform our review of revocation sentences." *Id.* (internal quotation marks and internal alteration omitted).

A supervised release revocation sentence is procedurally reasonable if the district court has considered the Sentencing Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, *see* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. *Thompson*, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if we find a revocation sentence unreasonable must we decide whether it is "plainly" so, relying on the definition of plain used in plain error analysis, that is, "clear" or "obvious." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

Shepherd's 24-month prison sentence does not exceed the applicable statutory maximum. We discern no reversible error in the district court's calculation of Shepherd's advisory policy statement range at 18 to 24 months' imprisonment based on his Category V criminal history and Grade B violation of supervised release. *See* U.S. Sentencing Guidelines Manual §§ 7B1.1(a)(2), (b), 7B1.4(a), p.s. (2016). The district court considered this advisory range, argument from counsel, and allocution from Shepherd. The court accepted the parties' joint recommendation for a 24-month prison sentence for Shepherd in light of the nature and circumstances of his violative conduct, his history and

3

characteristics, and the need for the revocation sentence to sanction his breach of trust, *see* 18 U.S.C. § 3553(a)(1); USSG ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust.") and explained that these factors supported the imposition of the parties' requested sentence. We conclude that the district court adequately explained its rationale for imposing the 24-month prison sentence and relied on proper considerations in doing so. Based on the broad discretion that a district court has to revoke a term of supervised release and impose a prison term up to and including the statutory maximum, Shepherd's revocation sentence is not unreasonable. Therefore, we conclude that his sentence is not plainly unreasonable.

Counsel also raises as an issue for review whether the district court erred under 18 U.S.C. § 3583 in failing to afford Shepherd sentencing credit for his prior revocation prison term. This issue, raised for the first time on appeal, is reviewed for plain error. *Webb*, 738 F.3d at 640.

A district court may revoke a term of supervised release and impose a term of imprisonment after "find[ing] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "[A] defendant whose term is revoked . . . may not be required to serve on any such revocation more than . . . 2 years in prison if [the original offense was] a class C or D felony." *Id.*

Under a prior version of this statute, this court "assume[d] without deciding[ ] that § 3583(e)(3)'s maximum prison term limits the total prison time that may be imposed for multiple violations of supervised release." *United States v. Hager*, 288 F.3d 136, 137

4

(4th Cir. 2002). However, § 3583 was amended in 2003—well before the commencement of the proceedings underlying the district court's judgment—by the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650 (2003) ("PROTECT Act"). The PROTECT Act added the phrase "on any such revocation" to § 3583(e)(3). *Id.* § 101. Every Circuit to address the amended version of § 3583(e)(3) has concluded that "prior time served for violations of supervised release is not credited towards and so does not limit the statutory maximum that a court may impose for subsequent violations of supervised release." *United States v. Perry*, 743 F.3d 238, 242 (7th Cir. 2014) (collecting cases); *see also United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004) (noting that, through the PROTECT Act, "Congress has altered the statute to adopt the government's position" that the terms of imprisonment do not aggregate (emphasis omitted)). We thus conclude that the district court did not plainly err in failing to afford Shepherd sentencing credit for his prior revocation prison term.

We also decline to reach Shepherd's claim of ineffective assistance of counsel. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Because the record does not conclusively establish ineffective assistance by Shepherd's trial counsel, we deem this claim inappropriate for resolution in this appeal. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny counsel's motion to withdraw without prejudice to counsel's ability to

5

renew it at a later date. This court requires that counsel inform Shepherd, in writing, of the right to petition the Supreme Court of the United States for further review. If Shepherd requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shepherd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*