**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4608**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARCUS NEAL MCMILLAN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00115-CCE-1)

_____

Submitted:  June 29, 2022                       Decided:  August 1, 2022

_____

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Graham T. Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Neal McMillan appeals from the 24-month sentence imposed upon revocation of his supervised release.  On appeal, McMillan contends that the sentence is procedurally and substantively unreasonable.  Concluding that the sentence is not plainly unreasonable, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release.  [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013).  "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

McMillan argues that the district court based his sentence on an impermissible factor, namely his new criminal conduct—shooting into an occupied vehicle—which violated the supervised release condition requiring him to not commit another federal, state, or local crime.  "Revocation of supervised release is typically understood as part of the penalty for the initial offense," *United States v. Haymond*, 139 S. Ct. 2369, 2386 (2019) (Breyer, J., concurring) (internal quotation marks omitted), not "as punishment for the violation of the conditions of supervised release," *Johnson v. United States*, 529 U.S. 694, 700 (2000).  In fashioning an appropriate revocation sentence, "the court should sanction

2

primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *U.S. Sentencing Guidelines Manual* ch. 7, pt. A, introductory cmt. (3)(b) (2021); *see Webb*, 738 F.3d at 641. While the court also must consider certain enumerated factors under 18 U.S.C. § 3553(a), excluded from that list is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see id.* § 3583(e). We have recognized, however, that "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Consequently, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Here, in considering what sentence to impose, the district court determined that it was appropriate to invoke the PROTECT Act,[*] explaining that McMillan's supervised

---

[*] Pursuant to 18 U.S.C. § 3583(e)(3), a defendant like McMillan, whose original offense was a Class D felony and whose supervised release term was revoked, "may not be required to serve on any such revocation more than . . . 2 years in prison." Under an earlier version of this statute, "we assume[d] without deciding[] that § 3583(e)(3)'s maximum prison term limit[ed] the total prison time that [could] be imposed for multiple violations of supervised release." *United States v. Hager*, 288 F.3d 136, 137 (4th Cir. 2002). The Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650, amended 18 U.S.C. § 3583(e), establishing that "prior time served for violations of supervised release

3

release had previously been revoked and citing the nature of his supervised release violations. It further determined that the maximum sentence was warranted in light of the second violation, which involved use of a firearm and violence. We conclude that the district court appropriately sanctioned McMillan's breach of trust and that, to the extent that its consideration of the violation conduct implicated § 3583(a)(2)(A), such consideration was intertwined with permissible § 3553(a) factors, such as the nature and circumstances of the offense, § 3553(a)(1), the need for adequate deterrence to crime, § 3553(a)(2)(B), and the need to protect the public from McMillan's further criminal conduct, § 3553(a)(2)(C). Additionally, we conclude that the district court adequately explained its decision to invoke the PROTECT Act rather than sentencing McMillan under the pre-PROTECT Act aggregation rule as he requested.

McMillan contends that the revocation sentence is unreasonable because it resulted in a total term of imprisonment exceeding the statutory maximum 60 months' imprisonment allowed by statute for his original offense of failing to surrender for service of sentence. *See* 18 U.S.C. § 3146(a)(2), (b)(1)(A)(ii) (establishing maximum five-year prison term). However, "18 U.S.C. § 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum

---

is not credited towards and so does not limit the statutory maximum that a court may impose for subsequent violations of supervised release." *United States v. Perry*, 743 F.3d 238, 242 (7th Cir. 2014). Instead, this provision "permits the district court to start anew with the statutory maximum without aggregating any post-revocation imprisonment." *United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017).

4

incarceration permissible under the substantive statute." *United States v. Bruley*, 15 F.4th 1279, 1283 (10th Cir. 2021) (internal quotation marks omitted); *accord United States v. Henderson*, 998 F.3d 1071, 1074 (9th Cir. 2021). As for McMillan's claims that his revocation sentence violates the Due Process Clause and the Sixth Amendment right to a jury, citing *United States v. Haymond*, 139 S. Ct. 2369 (2019) (holding unconstitutional the mandatory minimum revocation sentence in 18 U.S.C. § 3583(k)), that decision had no impact on McMillan's revocation sentence imposed under 18 U.S.C. § 3583(e)(3). *See United States v. Coston*, 964 F.3d 289, 295 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1252 (2021).

The sentence imposed by the district court is not unreasonable and therefore it is not plainly unreasonable. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5